CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **TOREZ MALIK DESHAZO,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00640** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **K. ODELL, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

# MEMORANDUM OPINION

Torez Malik Deshazo, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court on the defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15.[1] Deshazo has not responded to the motion, and the time for doing so has expired. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**, and Deshazo will be afforded the opportunity to file an amended complaint in 30 days.

## I. Background

Deshazo alleges that members of a Special Response Team (SRT) at Wallens Ridge State Prison (Wallens Ridge) used excessive force against him on May 4, 2025, in retaliation for a prior assault on their coworkers. Compl., ECF No. 1, at 5–7. He alleges that one of the defendants, Lt. Blaha, "watched and did nothing" as members of the SRT "picked [him] up in the air and dropped [him] head first knocking [him] unconscious" and then "choked and punched" him. Id. at 7. Similarly, Deshazo alleges that defendant Hayes "watched" as Deshazo "pleaded for air and [his] life." Id. When Deshazo asked Hayes a few days later why Hayes

[1] Defendant Blaha filed a partial answer to one of Deshazo's claims. ECF No. 14.

had not helped him, Hayes responded: "[There] were 40-50 white boys between me and you. What could I do? I sent a prayer up for you." Id.

Deshazo alleges that he was shackled in excessively tight restraints following the attack and moved to another cell. Id. While departing his cell, one of the SRT members, identified as defendant K. Odell, told Deshazo that they "were going to kill [his] ass." Id. at 8. Although an unidentified nurse saw blood on Deshazo's hands, the nurse did not provide any medical assistance. Id.

Deshazo was subsequently charged with three disciplinary offenses: disobeying orders, physical assault on a non-inmate, and threatening to kill. Id. at 10. He claims that defendants King and Bailey deprived him of due process at his disciplinary hearings. He alleges that "someone said [he] refused to appear" for the hearings and that his requests for video footage were denied. Id.

Deshazo filed grievances and complaints regarding his mistreatment. Id. at 12. He alleges that the grievance system is corrupt and that defendant Meade, the regional ombudsman, exhibited bias in responding to his grievance appeals. Id. at 12–13. He also alleges that another staff member threatened to write a disciplinary charge against him if he continued filing complaints. Id. at 13. Additionally, Deshazo claims that he informed defendant Zook of what transpired on May 4, 2025, and that Zook, as the prison warden, is "responsible for the conduct of his personnel." Id. at 12. Deshazo further alleges that the SRT members are "governed" by defendant Younce, who he identifies as the deputy director of the SRT, and that Zook and former Virginia Department of Corrections Director Chadwick Dotson somehow "approv[ed] of excessive force." Id. at 4, 9, and 11.

In addition to Blaha, Hayes, Odell, King, Bailey, Meade, Zook, Younce, and Dotson, Deshazo names as defendants Lt. C. Stacy and Ms. Summers. Id. at 3–5. The complaint indicates that the named defendants are sued in their individual and official capacities. Id.

## II. Standard of Review

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

## III. Discussion

Deshazo filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.

§ 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

**A. Claims Against Defendants in Their Official Capacities**

As noted above, Deshazo filed suit against the defendants in their official and individual capacities. A suit against a state official in his official capacity is "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). It is well settled that the Eleventh Amendment "bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." Lawson v. Gault, 828 F.3d 239, 278 (4th Cir. 2016) (citing Will, 491 U.S. at 71). Additionally, whereas § 1983 "permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." Fauconier v. Clarke, 966 F.3d 265, 279–80 (4th Cir. 2020).

In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity that allows individuals to seek prospective equitable relief against state officials to prevent ongoing violations of federal law. Biggs v. N.C. Dep't of Pub. Safety, 953 F.3d 236, 242 (4th Cir. 2020). To fall within this exception, a plaintiff must allege "an ongoing violation of federal law" and seek relief that is "properly characterized as prospective." Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation marks omitted). Because Deshazo's complaint does not allege an ongoing

violation of his federal constitutional rights, his claims under § 1983 against the defendants in their official capacities must be dismissed.

**B. Claims Against Defendants in Their Individual Capacities**

In order to state a claim against a defendant in their individual or personal capacity under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and alterations omitted). "Liability is thus determined person by person: A plaintiff must show 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 676).

**1. Stacy and Summers**

The court agrees with the defendants that the complaint fails to state a claim against Stacy and Summers. These defendants are referenced solely in the section of the complaint titled "Defendant(s) Information," which identifies Stacy as a lieutenant at Wallens Ridge and Summers as a "mental health agent of Ms. Light." ECF No. 1 at 3–5. Because it is unclear why Stacy and Summer are named as defendants, and since the complaint does not include any allegations from which the court could reasonably infer that they are liable for the misconduct alleged, any claim against Stacy and Summers must be dismissed. See, e.g., Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

### 2. Odell and Hayes

Unlike Stacy and Summers, the complaint includes allegations from which the court could reasonably infer that Odell and Hayes were involved in the use of excessive force by the SRT on May 4, 2025, either as a direct participant or as a bystander. See, e.g., McGrier v. City of New York, 849 F. App'x 268, 272 (2d Cir. 2021) ("To be found liable for excessive force, [an officer] must have either used excessive force or failed to intervene, despite having a realistic opportunity to do so, to prevent another officer from applying excessive force.") (internal quotation marks omitted). Deshazo identifies Odell as an "SRT officer" and alleges that Odell told him, after he had been choked, punched, and thrown headfirst on the ground, that the SRT officers "were going to kill [him]." ECF No. 1 at 8. And Deshazo alleges that Hayes "watched" and "didn't help" him as he "pleaded for air and [his] life." Id. at 7. While Odell and Hayes may be able to establish on summary judgment that they were not involved in the use of excessive force or did not have a reasonable opportunity to intervene, Deshazo's allegations are sufficient to proceed against Hayes and Odell at this stage of the proceedings.*

### 3. Dotson, Zook, and Younce

To the extent Deshazo attempts to hold Dotson, Zook, and Younce liable under § 1983 based on their supervisory roles, his complaint fails to state a claim against these defendants. It is well established that the doctrine of respondeat superior or vicarious liability is "inapplicable" to § 1983 actions. Iqbal, 556 U.S. at 676. Government officials "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that

* The allegations against Hayes are substantially similar to Deshazo's claim that Blaha watched and did nothing as SRT officers choked, punched, and threw him. The court notes that the defendants expressly declined to seek dismissal of the claim against Blaha. See Defs' Mem. Supp. Mot. Dismiss, ECF No. 16, at 3 n.1 ("Defendants do not seek dismissal of that claim at this time and do not address it in this memorandum.").

violated constitutional norms." Timpson v. Anderson Cnty. Disabilities & Special Needs Bd., 31 F.4th 238, 257 (4th Cir. 2022). To establish supervisory liability under § 1983, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Id. (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)); see also Johnson v. Robinette, 105 F.4th 99, 123 (4th Cir. 2024).

Deshazo has not alleged facts to support these elements. The mere assertion that Zook is responsible for his employees' conduct is insufficient to support a claim of supervisory liability under § 1983, as is the conclusory allegation that Zook and Dotson somehow expressed "approval of excessive force." ECF No. 1 at 11. Likewise, the mere fact that Younce supervised the SRT members does not give rise to a viable claim against Younce. Because the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that Zook, Dotson, and Younce are liable for the misconduct alleged, it fails to state a claim against these defendants in their individual or personal capacities. See King, 76 F.4th at 269 (concluding that a plaintiff's "boilerplate" allegations against supervisory correctional officials, which lacked "specificity and factual support," did "not state a claim for relief").

**4. King, Bailey, and Meade**

Deshazo asserts claims for denial of due process against King, Bailey, and Meade. With respect to King and Bailey, Deshazo alleges that the investigation into his disciplinary charges was a "farce" and that his requests for video evidence were denied. ECF No. 1 at 10. Deshazo alleges that Meade exhibited bias in her handling of his grievances. Id. at 12.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To establish that a government actor violated this proscription, 'a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law.'" Cartagena v. Lovell, 103 F.4th 171, 182 (4th Cir. 2024) (quoting Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015)).

In Wolff v. McDonnell, 418 U.S. 539, "the Supreme Court considered how prison disciplinary hearings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). "Wolff establishes that, at a minimum, an inmate must receive 'advance written notice of the claimed violation'; an opportunity 'to call witnesses and present documentary evidence'; and a 'written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken.'" Henderson v. Harmon, 102 F.4th 242, 248 (4th Cir. 2024) (quoting Wolff, 418 U.S. at 563, 566). However, these procedural protections apply only when a disciplinary action implicates a protected liberty or property interest. See Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

Here, while Deshazo alleges that he was denied access to video evidence during the course of the disciplinary proceedings, he does not identify any liberty or property interest of which he was deprived as a result of those proceedings. "Without a protected liberty or property interest, there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007). Accordingly, the complaint fails to state a claim for denial of due process against King and Bailey.

To the extent Deshazo alleges that Meade deprived him of due process by failing to properly handle his grievances, such claim is also subject to dismissal. It is well settled that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Likewise, an inmate does not have a federally protected interest in having grievances "resolved to his satisfaction," Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005), or "handled in any particular manner." Taek Soon Yoon v. Arnett, 385 F. App'x 666, 668 (9th Cir. 2010). Consequently, any due process claim stemming from the handling or rejection of a grievance is "indisputably meritless." Geiger, 404 F.3d at 374.

**5. Other Pleading Deficiencies**

On page 6 of the complaint, Deshazo states that he is bringing a claim for "lack of medical care." ECF No. 1 at 6. However, he does not set forth any facts to explain how any of the named defendants are responsible for the denial of medical treatment. The only other allegation pertaining to medical care is on page 7 of the complaint, where Deshazo alleges: "The nurse who assessed me did nothing to my injury even though she [saw] blood on my hands." Id. at 7. Deshazo does not identify the nurse, and she is not listed as a defendant in this action. If Deshazo intended sue the nurse, he must amend the complaint to add the nurse

as a defendant and explain how the nurse violated his federal constitutional rights. See Nichols v. Bumgarner, 173 F.4th 511, 519 (4th Cir. 2026) (holding that if the body of a pro se complaint "indicates that the plaintiff intended to sue parties left out of the caption, the district court must help remedy the error," such as by affording the plaintiff the opportunity to amend the complaint to add the individual as a defendant).

Deshazo also claims that his "1st amendment" rights were violated as a result of the conduct described in the complaint. ECF No. 1 at 6. On the same page, Deshazo alleges that SRT officers used excessive force against him in "retaliation" for a prior "assault" on their coworkers. Id. In order to state a claim of retaliation in violation of the First Amendment, a plaintiff's allegations must plausibly show (1) that he engaged in protected activity, (2) that the defendant took an adverse action that would deter a person of ordinary firmness from exercising his rights, and (3) that there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Gowen v. Winfield, 130 F.4th 162, 173 (4th Cir. 2025). Because assaulting a correctional officer is not a protected First Amendment activity, Deshazo's complaint fails to state an actionable claim of retaliation against the SRT officers. See Wisconsin v. Mitchell, 508 U.S. 476, 484 (1993) ("[A] physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment."); Aycock v. Steincamp, No. 1:25-cv-01086, 2025 WL 2100936, at *5 (M.D. Pa. July 25, 2025) ("[Plaintiff] avers that Defendants threatened him and placed him in a different cell because he previously assaulted other correctional officers. Such alleged behavior is not protected activity under the First Amendment.").

Deshazo later alleges that "Mrs. Vilbrant" threatened to bring a disciplinary charge against him if he continued submitting complaints "expressing [his] 1st and 14th and 8th

amendment rights towards the administration." ECF No. 1 at 13. Although inmates have a "First Amendment right to be free from retaliation for filing a grievance," Booker, 855 F.3d at 541, Vilbrant is not named as a defendant in the complaint. Consequently, if Deshazo intended to sue Vilbrant, he must amend the complaint to add her as a defendant.

## IV. Conclusion

For the reasons stated, the defendants' partial motion to dismiss, ECF No. 15, is **GRANTED IN PART AND DENIED IN PART**. Because Deshazo is proceeding pro se, the court will afford him an opportunity to file an amended complaint within 30 days if he believes that he can remedy any of the pleading deficiencies identified above. If an amended complaint is not filed within 30 days, the case will proceed solely on the Eighth Amendment claims of excessive force asserted against defendants Blaha, Odell, and Hayes in their individual capacities.

Entered: August 19, 2026

Mike Urbanski
Senior U.S. District Judge
2026.08.19
13:02:30 -04'00'

Michael F. Urbanski
Senior United States District Judge